IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00506-CMA-BNB

DENEEN R. GAMMONS,

Plaintiff,

v.

CITY OF DENVER, COLORADO, a municipal corporation,
JOHN W. HICKENLOOPER, in his "official" capacity as Mayor, City of Denver, Colorado, a municipal corporation,
DENVER CITY COUNCIL, in and for the City of Denver, Colorado, a municipal corporation, in their "official" capacities, as follows:
RICK GARCIA (District 1), in his "official" capacity,
JEANNE FAATZ (District 2), in her "official" capacity,
PAUL D. LOPEZ (District 3), in his "official" capacity,
PEGGY LEHMAN (District 4), in her "official" capacity,
MARCIA JOHNSON (District 5), in her "official" capacity,
CHARLIE BROWN (District 6), in his "official" capacity,
CHRIS NEVITT (District 7), in his "official" capacity,
CARLA MADISON (District 8), in her "official" capacity,
JUDY MONTERO (District 9), in her "official" capacity,
JEANNE ROBB (President )(District 10), in her "official" capacity,
MICHAEL HANCOCK (District 11), in his "official" capacity,
CAROL BOIGAN (At-Large), in her "official" capacity,
DOUG LINKHART (At-Large), in his "official" capacity,
ALVIN J. LACABE, in his "official" capacity as Manager of Safety, City of Denver, Colorado, a municipal corporation,
GERALD R. WHITMAN, in his "official" capacity as Chief of Police, City of Denver, Colorado, a municipal corporation,
OFFICER STEPHEN STACK (Ser. No. 06029), Denver Police Department, City of Denver, Colorado, a municipal corporation, in both his "official" and "individual" capacities,
DETECTIVE HENRY P. GONZALES (Ser. No. 79031), Denver Police Department, City of Denver, Colorado, a municipal corporation, in both his "official" and "individual" capacities,
DETECTIVE KARA BILSTEIN (Ser. No. 96043), Denver Police Department, Denver, Colorado, a municipal corporation, both her "official" and "individual: capacities,
SERGEANT KIM HULL (Ser. No. 78020), Denver Police Department, City of Denver, Colorado, a municipal corporation, in both her "official" and "individual" capacities,
Assistant City Attorney JAMES C. THOMAS, Office of the City Attorney, City of Denver, Colorado, a municipal corporation, in his "official" capacity; and

Assistant City Attorney TIFFANIE W. BLEAU, Office of the City Attorney, City of Denver, Colorado, a municipal corporation, in her "official" capacity,

Defendants.

___

# ORDER
___

This matter arises on the **Unopposed Motion to Stay Discovery and Vacate the May 21, 2010 Scheduling Conference and Associated Deadlines** [Doc. # 10, filed 5/12/2010] (the "Motion to Stay"). The Motion to Stay is GRANTED.

The plaintiff appears to assert claims under 42 U.S.C. § 1983 against several defendants in their individual capacities. Those defendants have moved to dismiss the claims based on the defense of qualified immunity. See Motion to Dismiss [Doc. # 9, filed May 10, 2010] at p. 18. In addition, the defendants seek to stay discovery pending a decision on the Motion to Dismiss. The Motion to Stay is not opposed. Motion to Stay [Doc. # 10] at p. 2.

Qualified immunity is not a mere defense to liability but is also an immunity from suit. Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985). Qualified immunity is an entitlement both not to stand trial, Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992), and from the burdens of pretrial discovery. Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 644 (10th Cir. 1988). "[W]hen a case can be dismissed on the pleadings or in an early pre-trial stage, qualified immunity also provides officials with the valuable protection from the burdens of broad-ranging discovery." Johnson v. Frankell, 520 U.S. 911, 915 n. 2 (1997) (internal quotation and citation omitted). Until the threshold issue of qualified immunity is resolved, discovery should not be allowed. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

A stay of discovery is appropriate under the facts of this case and because the Motion to

2

Stay is unopposed.

IT IS ORDERED that the Motion to Stay [Doc. # 10] is GRANTED. Discovery is stayed pending a decision on the defendants' Motion to Dismiss.

IT IS FURTHER ORDERED that the parties shall file a status report within 10 days of any ruling on the Motion to Dismiss addressing the status of the case and discussing all pretrial matters to be scheduled.

IT IS FURTHER ORDERED that the hearing on the Motion to Stay set for June 2, 2010, at 10:00 a.m., is VACATED.

Dated June 1, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge